**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DONALD D'ZSAN LOCKETT,**<br>**AIS# 00295678,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:23-cv-346-TFM-N** |
| **HEAD WARDEN, Ventress Correctional Facility,** | ) | |
| **Respondent.** | ) | |

**SUPPLEMENTAL MEMORANDUM OPINION AND ORDER**

On September 29, 2026, the Court adopted the Report and Recommendation and issued judgment in this case. *See* Docs. 11, 14, 15. On October 2, 2026, the Court received the objections Petitioner had filed in response to the Report and Recommendation. *See* Doc. 16. Though received late, they are dated September 17, 2026, but the prison mail envelope is unclear as to when they were placed in the mail. *Id.* Then on October 13, 2026, the Court received Petitioner's Motion for an Order Recalling September 29, 2026 Order of Dismissal of § 2254 Habeas Corpus Petition. *See* Doc. 17. In the motion, Petitioner asserts he timely submitted his objections in the prison mail and it was no fault of his own that the objections were not timely received by the Court.

The Court agrees. Therefore, the motion to set aside the September 29, 2026 dismissal is **GRANTED** in that the Court **VACATES** the previously issued Judgment (Doc. 15). However, even considering the objections and subsequent filings, they unfortunately do not change the outcome of the case. The objections and subsequent motion do not offset or overcome the well- reasoned analysis of the Magistrate Judge's Report and Recommendation. Therefore, the objections are **OVERRULED**.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED.** Accordingly, it is **ORDERED** that the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 is **DENIED** and **DISMISSED with prejudice**.

The Court further finds that Petitioner is not entitled to a Certificate of Appealability. Additionally, 28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam);[1] *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981). Stated differently:

> This circuit has defined a frivolous appeal under section 1915(d) as being one "'without arguable merit.'" *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). "'Arguable means capable of being convincingly argued.'" *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] §

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.

1915(d) when they are ‘clearly baseless;’ legal theories are frivolous when they are ‘indisputably meritless.’”) (citations omitted).

The Court further certifies that any appeal would be without merit and not taken in good faith and therefore, Petitioner is not entitled to proceed *in forma pauperis* on appeal

Final Judgment shall issue separately in accordance with this order and Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 23rd day of November, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE